**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARICULTURE TECHNOLOGIES**
**INTERNATIONAL, INC.,**

        **Plaintiff,**

**-vs-**                                   Case No. 6:11-cv-996-Orl-31DAB

**VOLUSIA COUNTY, FLORIDA,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 9) filed by the Defendant, Volusia County, Florida (the "County") and the response in opposition (Doc. 12) filed by the Plaintiff, Mariculture Technologies International, Inc. ("Mariculture").

**I.    Background**

According to the allegations of the Complaint (Doc. 1), which are accepted as true for purposes of resolving this motion to dismiss, the Plaintiff operates a state-licensed aquacultural fish farm within the boundaries of Volusia County. Mariculture has operated its farm since 2001. On different occasions, it has excavated additional ponds to expand its operations. In August 2009, while Mariculture was digging more ponds, the County determined that the company was in violation of the County's excavation ordinance. The County issued a stop work order.

Mariculture sought to have the stop work order lifted, arguing that Florida Statute § 597.002 and the Florida Right to Farm Act, Florida Statute § 823.14, preempt local regulation of its fish farm. County employees and, subsequently, the Volusia County Commission, refused to

lift the stop work order. The stop work order remained in effect until May 20, 2011, when the County determined that it had no legal authority to issue or maintain the order.

On June 16, 2011, Mariculture filed the instant suit, seeking to recover damages under 42 U.S.C. § 1983 for alleged violations of its rights under the due process clause of the Fourteenth Amendment. By way of the instant motion, the County seeks dismissal of the Complaint under Fed.R.Civ.P. 12(b)(6).

**II. Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis**

The substantive component of the Due Process Clause protects those rights that are "fundamental" – that is, rights that are "implicit in the concept of ordered liberty." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937)). The County argues that the Plaintiff has failed to state a substantive due process claim because it is attempting to recover for a deprivation of its right to perform excavations for aquaculture on its property, which is not a fundamental right. The County also argues that its interpretation and enforcement of its zoning regulations are actions that are executive in nature, rather than legislative, and therefore not subject to a substantive due process challenge.

So far as the Court is able to discern, the Plaintiff does not dispute either of these contentions in its response. Instead, the Plaintiff argues that a cause of action exists under Section

-3-

1983 where arbitrary and capricious actions by a local government unduly restrict the use of private property. Regardless of whether this is an accurate statement of the law, it misses the point. The Defendants were challenging the sufficiency of the right at issue and the quality of the actions taken, not the legal issue of the existence of a particular cause of action.

The Plaintiff also asserts that, even if it has failed to state a substantive due process claim, it has stated a claim that would be actionable under the Takings Clause of the Fifth Amendment. But while the Complaint explicitly asserts a claim under the Fourteenth Amendment, it is silent as to the Fifth Amendment and as to the Takings Clause. While the Plaintiff may be able to assert a claim for a regulatory taking, it has not yet done so.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 9) is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff may file an amended complaint on or before October 17, 2011. If the Plaintiff chooses to attempt to assert both a substantive due process claim and a regulatory takings claim, they must be expressed in separate counts.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 3, 2011.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party